(6 Misc. Rep. 227.)

### GOLDENSON v. LAWRENCE et al.

(City Court of New York, General Term. December 8, 1893.)

WAREHOUSEMAN—ACTION FOR POSSESSION OF GOODS.

In an action against a warehouseman for conversion, it appeared that one S., a brother of plaintiff, whose name was Eva L. Goldenson, stored the property with defendant, stating that he was the owner, and that his name was E. L. Goldenson. Plaintiff afterwards demanded the goods and presented the warehouse receipt, saying that she was the person named therein as E. L. Goldenson. There was no transfer of the receipt to plaintiff and no explanation of her right to it, except the mere possession. *Held*, that the question as to whether plaintiff was the owner of the goods should have been submitted to the jury. Van Wyck, J., dissenting.

Appeal from trial term.

Action by Eva L. Goldenson against Chester L. Lawrence and others.    There was judgment in favor of the plaintiff, and defendants appeal.    Reversed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Goodrich, Deady & Goodrich, for appellants

David Leventritt, for respondent.

McCARTHY, J.    This is an appeal from a judgment entered upon a verdict directed by the court, and from an order denying a motion for a new trial.    Action to recover damages for the conversion of 16 casks of soda ash, valued at $500.    By the amended answer, the appellants interposed several defenses, which appear thereby.    By a stipulation which accompanied the amended answer, it was provided that, upon failure to prove certain things, the whole of the seventh paragraph should be stricken out at the end of the testimony, and also all of the evidence which might have been given to sustain the allegations in the seventh paragraph.    But, however, it was further provided that if, at the close of the testimony, evidence should appear from the minutes of the court to sustain a finding that the plaintiff received the transfer of said casks of soda ash with knowledge or notice of the facts connected with the purchase or procurement of the said casks by said Seligman from the firm of Welch, Holme & Clark, then the question shall be submitted to the jury as to whether the plaintiff had such knowledge or notice at such time, but with the charge that if they find that plaintiff had not such knowledge or notice at such time, and also find that said Seligman transferred to the said plaintiff said casks of soda ash for full value theretofore received by him from her, then and in that event they must find a verdict for the plaintiff.

The defendants are warehousemen, and as such received the 16 casks, as stated in the warehouse receipt. The "Mr. E. L. Goldenson" named in said receipt was proven to be the plaintiff's brother, Solomon Seligman, although he represented himself to defendants to be "Mr. E. L. Goldenson." The case contains voluminous testimony for the defendants, in support of their allegations in paragraph 7 of the amended answer. At the close of the testimony, the plaintiff, by her counsel, moved to have the said paragraph 7 of the amended answer stricken out, and all of the evidence of the defendants in support of the allegations therein also stricken out. The record shows that the court did not grant the motion. The motion was opposed by appellants' counsel, who also requested the court to submit certain questions to the jury upon the evidence in support of that paragraph, and also to charge the jury on certain propositions relative to the defenses of the seventh paragraph, and the proofs in support thereof. The court permitted the seventh paragraph of the amended answer, and all the evidence in support of it, to stand. However, the trial judge, "under the stipulation entered into between the parties," directed a verdict for the plaintiff for the full amount claimed by her, although the said allegations and proofs in support thereof were not stricken out. To the said direction of a verdict, and also to the refusal of the trial judge to submit the questions to the jury, the appellants excepted. Of course, the defendants must be held to the stipulations made. At the close of the case, the plaintiff's counsel moved as follows:

"In the light of the stipulation, I move to strike out paragraph seventh of the answer interposed by defendants under and in pursuance of the terms set forth in the stipulation in evidence, and I move to strike out all the testimony that has been offered under said seventh subdivision,—that is, the testimony regarding all the representations that were made by said Seligman with reference to the purchase of goods by him from Welch, Holme & Clark, —and also the statement that he made subsequently with reference to said statements, or to their truthfulness or their falsity, and all the statements that he made thereafter to Mr. Smith, the attorney, at the interview in his office; also, the statements claimed to have been made by Mr. Sherrill, and in the hearing and presence of Mr. Kuschewsky, and all statements made to any of the witnesses regarding the purchase of the property in question, and the manner in which he became possessed of it."

The court did not pass on this motion, and, after a series of requests by defendants' counsel, the court said:

"Under the stipulation entered into between the parties to this action, marked 'Plaintiff's Exhibit No. 1,' I direct a verdict for the plaintiff for five hundred and fifty dollars, ($550.00.)"

In accordance with this direction, the jury found a verdict for this sum.

We must be bound by the record of the trial, and have no right to assume that the motion to strike out was granted, any more than we can say, in a case where an objection has been made and overruled, and no exception appears to be taken, that it was the intent of the party to take an exception. The trial justice had the right, if he saw fit, to direct a verdict for the plaintiff, on the ground that, with all the testimony presented, it came within the provi-

sion of the latter part of the stipulation, and that there was no question to go to the jury. We must therefore dispose of this case on all the testimony presented, and, if there was any evidence to go to the jury on any material fact, then the trial justice erred in directing a verdict. This was not the case of a bailor claiming or demanding his property from the bailee, but the resisting of the claim and demand of a mere stranger to the bailee. It appears that one Seligman, the brother of the plaintiff, stored the property in question in the name of Mr. E. L. Goldenson, and said that this was his name, and stated that he was the owner, and had purchased it for himself. Besides, he gave reasons why he wished the property stored with the defendants temporarily, and signed the main receipt stub "E. L. Goldenson," stating it was his name. It is in evidence that, during all the trial, Seligman, the brother, was in court, but was not called to contradict or explain this evidence. Therefore, for the purposes of this case, it not being contradicted, we must assume it to be true. The bailor, so far as known to defendants, was Seligman, who, during the trial, was pointed out in court as having represented himself as the owner, and that his name was Mr. E. L. Goldenson, and, in the presence of others, signed the name "E. L. Goldenson." He did not deny this, although it was important. Seligman could have owned this property, and stored it in any name he pleased, as well as call himself by any name he wished, but, having done so, could not, if he was the real owner, relieve himself from his liability. The plaindiff thereafter presented herself at defendants' place of business, and, having the storage receipt, demanded this property, and said she was the person stated therein as Mr. E. L. Goldenson, and the owner of the property. There was no assignment or transfer of this receipt from Mr. E. L. Goldenson to the plaintiff, and no explanation of her right to it, except the mere possession of the same. Nor · was Seligman with her to sustain her claim, or to waive whatever rights he might have as original bailor. The plaintiff cannot succeed, unless she is the bailor or owner. We think that there was sufficient evidence to go to the jury on the question whether Seligman transferred to the plaintiff the property in question for full value theretofore received by him from her, and thus, as requested by defendants' counsel, whether the alleged purchase by Mrs. Goldenson from Seligman was a bona fide purchase or not. If not, she was neither bailor nor owner, and not entitled to the property. Warehousemen are not only liable for losses occasioned by their negligence, but for those which arise from innocent mistakes in the delivery of goods to persons not entitled to receive them. Bank v. Doyle, 91 N. Y. 42. So far as anything appears in this case, except the uncorroborated statement of plaintiff, Seligman, known as Mr. E. L. Goldenson, is still the bailor and owner. While a bailee who permits the property of the bailor to be taken by a stranger may excuse himself by showing that he yielded to the power of legal process, it does not follow that a seizure under such process after the bailee has negligently allowed the property to pass into the hands of trespassers, or persons who have

no right to it, will be any protection to him in an action by the owner. If Seligman, known as E. L. Goldenson, is still the bailor and owner, then Eva L. Goldenson has no cause of action. Roberts v. Safe-Deposit Co., 123 N. Y. 65–67, 25 N. E. 294. This is not the case where a bailee seeks to avail himself of the title of a third person for the purpose of keeping the property himself from the bailor, but rather where the bailee is endeavoring to protect and defend against a stranger and trespassers. Transportation Co. v. Barber, 56 N. Y. 544, 552, 553; Ouderkirk v. Bank, 119 N. Y. 266, 267, 23 N. E. 875. See Bliven v. Railroad Co., 36 N. Y. 403, 406. Here the title of this plaintiff is impeached. Earl, C. J., in Ball v. Liney, 48 N. Y. 12, says:

"It is undisputed that the plaintiff owned the goods which were stored with defendant. Indeed, no effort was made on the trial to impeach his title. * * *"

Again, at page 13:

"It does not appear that he prosecuted any inquiries as to the title of the property, and it does not appear that he had any reason to believe that it belonged to Gregory, (who was admitted to be the agent of the plaintiff,) for, when the latter brought it to the warehouse, he simply claimed to be agent, and marked his name on the property as agent."

See Kowing v. Manly, 49 N. Y. 192, 196.

In the case at bar, everything was to the contrary. The question of bona fide ownership of the plaintiff should, under the stipulation, as well as under the defense, previous to the seventh, have been submitted to the jury; and for this reason judgment should be reversed, and new trial ordered, with costs to abide the event.

NEWBURGER, J., concurs.

VAN WYCK, J., (dissenting.) The defendants' attorneys stipulated that this case was not to be submitted to the jury, unless, at the close of the testimony, the evidence was sufficient to sustain a finding "that the plaintiff received the transfer of the said casks of soda ash referred to in the complaint herein with knowledge or notice of the facts connected with the purchase or procurement of the said casks by said Seligman from said firm of Welch, Holme & Clark." There is no evidence whatever in the case from which the jury could find that plaintiff had such knowledge or notice. Hence, the trial judge was compelled, under the stipulation, to direct a verdict for plaintiff.